# In the United States Court of Federal Claims
OFFICE OF SPECIAL MASTERS
No. 13-712V
Filed: May 2, 2017

```
* * * * * * * * * * * * * * * * * * * * * * * *
SHANE D. LEAK,                           *      Not for Publication
                                         *
                Petitioner,              *
         v.                              *      Attorneys' Fees and Costs;
                                         *      Hourly Rate; Non-Forum.
SECRETARY OF HEALTH                      *
AND HUMAN SERVICES,                      *
                                         *
                Respondent.              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*David Richards, Christensen & Jensen, P.C., Salt Lake City, UT, for petitioner.*
*Althea Davis, United States Department of Justice, Washington, DC, for respondent.*

### DECISION GRANTING ATTORNEYS' FEES AND COSTS IN PART[1]

**Roth,** Special Master:

On September 23, 2013, Shane Leak ("Mr. Leak" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act" or "Program"). Petitioner alleged an influenza ("flu") vaccine he received on September 29, 2010 led to the development of Acute Disseminated Encephalomyelitis ("ADEM"). *See generally* Petition ("Pet."), ECF No. 1. The parties agreed to informally resolve this matter, and the undersigned issued a decision awarding petitioner compensation on September 16, 2016. Decision, ECF No. 54. Petitioner now seeks an award of attorney's fees and costs in the amount of $70,625.64, pursuant to Section 15(e) of the Vaccine Act. Motion for Attorneys' Fees ("Motion for Fees"), ECF No. 58, at 2. After careful

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

consideration, the undersigned has determined to **grant the request in part** for the reasons set forth below.

## I. Applicable Law.

The Vaccine Act permits the payment of reasonable fees and costs. § 15(e). This is a discretionary determination made by the Special Master, requiring no line by line analysis. *Broekelschen v. Sec'y of HHS*, 102 Fed. Cl. 719, 729 (2011). The fact finder uses a lodestar method – multiplying a "reasonable" fee by the hours the attorney worked. *Blanchard v. Bergeron,* 489 U.S. 87, 94 (1989); *Schueman v. Sec'y of HHS,* No. 04-693V, 2010 WL 3421956, at *3 (Fed. Cl. Spec. Mstr. Aug. 11, 2010). While respondent does have the opportunity to object to said amount, pursuant to the Vaccine Rules, when no justification or specific objection is proffered, her "representation carries very little weight." *Reyes v. Sec'y of HHS*, No. 14-953V, 2016 WL 2979785, at *1 (Fed. Cl. Spec. Mstr. Apr. 27, 2016) (specifically when the attorneys of record supply detailed time sheets and present a *complete* case).

The Federal Circuit advised in Avera that "to determine an award of attorneys' fees, a court in general should use the forum rate in the lodestar calculation." *Avera v. Sec'y of HHS*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). The Court noted that the forum rate should only be deviated from when the "*Davis* exception" applies. *Id*. The *Davis* exception applies when the bulk of an attorney's work "is done outside the jurisdiction out of the court and where there is a *very significant* difference in compensation favoring D.C." *Id*. (citing *Davis Cnty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. E.P.A.*, 169 F.3d 755, 758 (D.C. Cir. 1999) (emphases in original).

The recent decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based on the experience of a practicing attorney. *McCulloch v. Sec'y of HHS*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). According to *McCulloch*, if an attorney has been practicing for 20 or more years, an appropriate range is approximately $350 to $425 per hour. *Id.* If an attorney has 11 to 19 years of experience, $300 to $375 is proper. *Id.* An appropriate range for an attorney with 8 to 10 years of experience would be $275 to $350. *Id*. For 4 to 7 year years of experience, $225 to $300 is sufficient. *Id.* If an attorney has fewer than 4 years of experience, he/she should receive between $150 and $225. *Id.*

## II. Attorneys' Fees.

Petitioner has requested $52,455.00 in attorneys' fees and $18,170.64 in costs, for a total of $70,625.64. Motion at 2. In accordance with General Order #9, petitioner's counsel has filed an affidavit from petitioner in which petitioner affirms that he did not incur any out-of-pocket expenses. *See* Pet. Ex. 19. Respondent filed a response to petitioner's motion for fees on April 27, 2017. Respondent made no specific objection to petitioner's fee application, but merely stated that he was satisfied that the requirements for an award of fees and costs had been met, and recommended "that the special master exercise her discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3.

Petitioner has requested the following hourly rates for Mr. David Richards: $300 for work performed in 2010; $325 for work performed from 2011 to 2016; and $350 for work performed in 2017. Additionally, petitioner has requested hourly rates of $200 for Mr. Richards' associate, Tanner Lenart, and $125 for Mr. Richards' paralegals.

In the instant application, petitioner has requested forum rates for Mr. Richards, Mr. Lenart, and their paralegals. However, a recent decision has held that Mr. Richards falls within the *Davis* exception and therefore does not qualify for forum rates. Special Master Corcoran opined in *Atnip v. Sec'y of HHS*, No. 14-1006, 2016 WL 4272057 (Fed. Cl. Spec. Mstr. Jul. 6, 2016) that "the *Davis* case involved attorneys practicing in Salt Lake City, Utah – Mr. Richards's place of business." *Id*. at 5. Moreover, *Davis* specifically characterized Utah as a "less expensive legal market" in comparison to Washington, D.C. Special Master Corcoran awarded Mr. Richards an hourly rate of $300 for work performed in 2015, and adjusted it using the Consumer Price Index Calculator[3] to derive hourly rates for 2013, 2014, and 2016.[4] The special master found that an appropriate hourly rate for Mr. Richards' paralegals was $100 for 2014 and 2015. I hereby follow his approach, and award attorneys' fees accordingly:[5]

|       | Mr. Richards' Requested Rate | Adjusted Rate | Difference | Hours | Fees Requested | Deduction | Fees Awarded |
|-------|------------------------------|---------------|------------|-------|----------------|-----------|--------------|
| 2010  | 300                          | 275           | 25         | 2.6   | 780            | 65        | 715          |
| 2011  | 325                          | 285           | 40         | 7.1   | 2307.50        | 284       | 2023.50      |
| 2012  | 325                          | 292           | 33         | 6.6   | 2145           | 217.80    | 1927.20      |
| 2013  | 325                          | 295           | 30         | 18.6  | 6045           | 558       | 5487         |
| 2014  | 325                          | 300[6]        | 25         | 31.3  | 10,172.50      | 782.50    | 9390         |
| 2015  | 325                          | 300           | 25         | 25.8  | 8385           | 645       | 7740         |
| 2016  | 325                          | 304           | 21         | 14.1  | 4582.50        | 296.10    | 4286.40      |
| 2017  | 350                          | 311           | 39         | 2.5   | 875            | 97.50     | 777.50       |
| **Total** |                          |               |            |       | **35,292.50**  | **2945.90** | **32,346.60** |

---

[3] *CPI Inflation Calculator*, U.S. Bureau of Labor Statistics, http://data.bls.gov/cgi-bin/cpicalc.pl (last accessed April 28, 2017) ("CPI Calculator").

[4] Rates have been rounded to the nearest whole dollar.

[5] Mr. Richards' hourly rate for 2017 will be determined here by adjusting his 2016 rate using the PPI-OL index. The PPI-OL data is available at www.bls.gov/ppi/#data. The industry code for "Offices of Lawyers" is 541110.

[6] The CPI Calculation for 2014-2015 resulted in a difference of 11 cents; therefore, it was rounded to the nearest dollar - $300.

3

|      | Paralegals' Requested Rate | Adjusted Rate | Difference | Hours | Fees Requested | Deduction | Fees Awarded |
|------|---------|---------|------------|-------|---------|---------|---------|
| 2011 | 125 | 95  | 30 | 15.9 | 1987.50 | 477     | 1510.50 |
| 2012 | 125 | 97  | 28 | 25.3 | 3162.50 | 708.40  | 2454.10 |
| 2013 | 125 | 98  | 27 | 49.9 | 6237.50 | 1347.30 | 4890.20 |
| 2014 | 125 | 100 | 25 | 29.1 | 3637.50 | 727.50  | 2910 |
| 2015 | 125 | 100 | 25 | 16.3 | 2037.50 | 407..50 | 1630 |
| Total |    |     |    |      | 17,062.50 | 3667.70 | 13,394.80 |

Ms. Lenart billed only 0.5 hours of work in this matter. Additionally, petitioner has not submitted any information on Ms. Lenart's experience or credentials. However, based on her profile on the firm website,[7] it appears that Ms. Lenart has been practicing for six years and is not currently admitted to the Court of Federal Claims. In order to be eligible to practice in the Vaccine Program, an attorney must be admitted to practice in the Court of Federal Claims; an attorney who is not eligible to practice in the Vaccine Program cannot recover attorneys' fees. *Underwood v. Sec'y of HHS*, No. 00-357V, 2013 WL 3157525, at *4 (Fed. Cl. Spec. Mstr. May 31, 2013). Therefore, Ms. Lenart will not be paid for the 0.5 hours billed, and petitioner's fee award will be reduced a further $100, for a total reduction of $6,713.60.

After reviewing the billing records, the amount of hours billed seems reasonable and I see no erroneous or duplicative billing. *See generally* Pet. Ex. 20. I therefore see no reason to further reduce petitioner's fees, other than the reductions made above. Petitioner is awarded **$45,741.40** in attorneys' fees.

### III.   Costs

Petitioner has requested $18,170.64 in costs, including $12,658.12 in life care planning services, $2630.50 in forensic accounting services, and $1,178.68 in costs associated with obtaining medical records. Pet. Ex. 20 at 21-24. These costs appear to be reasonable and appropriate in light of the facts of this case; therefore, I see no need to reduce them.

### IV.   Total Award Summary.

In light of the foregoing and pursuant to § 15(e)(1), I find that petitioner is entitled to an award of fees and costs. For the reasons contained herein, **a check in the amount of $63,912.04**[8]

---

[7] "Tanner Strickland Lenart," Christensen & Jensen, http://www.chrisjen.com/Attorney-Tanner-Strickland-Lenart (last accessed April 28, 2017).

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of HHS*, 924 F.2d 1029 (Fed. Cir. 1991).

4

**made payable jointly to petitioner, Shane Leak, and petitioner's counsel of record, David Richards, for petitioner's attorneys' fees and costs shall be issued.**

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[9] Entry of judgment can be expedited by each party's filing or a joint filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).